Wait a minute while our video hookup gets going. There's Judge Rollinson. Good morning. Good morning. And good morning, everyone, and welcome to the Ninth Circuit. We have two cases on the calendar for argument this morning, and we have three cases that have been submitted under briefs. The cases submitted under briefs are Barajas v. Garland, Castro v. Garland, and Alvarado v. Garland. The first case on the calendar this morning is United States v. Thomas. Ms. Platt, I believe you are leading off. Thank you, Your Honors. Good morning, and may it please the Court. My name is Caroline Platt, here on behalf of Raymond Thomas. I would like to reserve two minutes for rebuttal, and I will try to watch my clock. Mr. Thomas respectfully asks this Court to reverse the District Court's admission of Rule 404B, Other Acts Evidence, and to vacate his conviction as well as his sentence. The District Court abused its discretion when it allowed the government to introduce in evidence Mr. Thomas' two prior state court convictions for failure to register, in this case, which is a failure to notify before international travel under Title 18. Well, let's assume you're right. We can get back to the two convictions if you want. But Mr. Thomas signed an initial – the only issue in this case was mens rea. Mr. Thomas signed and initialed two forms that expressly told him that he had to notify his registering agency before he traveled. Why isn't any error harmless? Yeah, so we – obviously we don't dispute the admissibility of the 2020 and 2021 forms that Your Honor is referencing. You do not? Dispute the admissibility of the forms. Yes. Correct. And so, Your Honor, assuming the inadmissibility of the prior state court convictions, the harm – the prejudice of inadmissible 404B acts is presumed under this Court's precedent, and it's the government's burden to prove harm. And here, the theory of the defense was that Mr. Thomas did not have knowledge of the one sentence on the forms. And as I'm sure the Court has done, we would urge the Court to look at the two pages on the 2021 and 2020 forms. I can provide the ER sites, but I'm sure the Court has seen them. Because the one sentence was buried on a very dense form in the second sentence of an unrelated requirement. And the forms, you know, of the many years, which is – again, I can provide the sites, but they're in our reply brief – was – the theory of the defense was that, you know, a 65-year-old or in his mid-60s man did not notice this one sentence when he was, you know, wrotely signing. And, you know, it was up to the jury to decide. And once the prior convictions came in, the presumption of prejudice of these prior unrelated convictions is presumed under this Court's case law. But the judge – the judge did instruct the jury on these prior convictions that they could only be used to show his knowledge of – So there was a limiting instruction, Your Honor.  But if limiting instructions were always curative, then there would never be frual 404-B errors. Well, they may not always be curative, but in a case in which knowledge was the issue, and he said these only go to knowledge, doesn't that – and there's other evidence of knowledge. Well, I – we just speak that there is really other probative evidence of knowledge. We think really it was just the forms and the 404-B evidence that was – that was pretty – that was mentioned. All right, now let me take you back to your original premise. With respect to the 2015 conviction, there was also introduced a sentencing colloquy in which the judge said to Mr. Thomas, look, it's your job to keep abreast of requirements in the SORNA law. So, Your Honor, this is a really interesting point. So leaving aside the Rule 410 argument about the NOLO contendere plea and, you know, the – Yeah, put that aside for a moment. Okay. Okay. So here's what the judge actually said. Mr. Thomas, you must continue to register. If you have questions about the rules regarding registration, make sure you talk to your lawyer. They've said the name. And, you know, so what the – that's page 109 of the ER. The judge specifically referenced registration, and this is not registration. This is foreign travel notification, which is a separate – which is a separate crime. And so it is sex offender rules, but he was registered. He did register. Ever after that 2015 incident, Mr. Thomas was properly registered, which is something that is not in dispute. And so we think that this admonition that the government relied on so heavily – Why isn't that an argument for the jury, the one that you're giving us now? It is an argument for the jury. So why is it the evidence couldn't be taken by the jury as probative anyway? Because he's told to take this seriously. Because – And he knows he needs to take it seriously, and he doesn't take it seriously enough, in their view, to recognize that he's done this foreign travel, which he was supposed to give knowledge of or give notice of. Because, Your Honor, this is not admissible 404B evidence. What we were talking about is foreign. See, this is a circular problem. We have this with 404 all the time. You acknowledge that it is arguably probative. It's prejudicial, but – Everything's prejudicial. If it's not prejudicial, it wouldn't be admissible because it wouldn't be relevant. So I understand your argument that has an impact, but that's not telling me why it shouldn't be admitted. So I was answering the question about harm. With respect to the 404B admissibility, I would really urge this Court to look carefully at this Court's decision in United States v. Martin, which goes specifically to similarity, one of the four prongs of 404B admissibility. Well, but the sentencing colloquy is not a prior bad act. In other words, they were entitled, it seems to me, to put evidence in that your client had previously been told that it was his responsibility to keep up with the law. So, Your Honor, I think that gets back to Rule 410, which the plain language of 410. My problem with 410 is 410 is not admissible. No look and tend to replays are not admissible for the truth of the matter. They may be admissible for other purposes under 410. Your Honor, that's actually not what Rule 410, that's what Martin says. Actually, I know what Rule 410 says. Tell me why you think Rule 410 provides otherwise. Well, the plain language of, I understand what Your Honor is saying about the case law, but the actual full text of the rule says evidence of the following is not admissible. We have another textualist in front of us. We're supposed to ignore a lot of cases and interpret it that way. I mean, I'm happy to rely on the plain language of the rule, Your Honor. How about our case law? The following is not admissible against a defendant, dot, dot, dot, a no look and tend to replay, period. But our case law says it can be admissible for purposes other than the fact to show that you violated the law. Your Honor. Yes. But in when, which we've argued about at length, we don't think that, and this gets back to the language I quoted to you, that the state court judge said in the admonition, they talked about registration. That says nothing about a foreign travel notification requirement that didn't arise until five years later. Can I ask you a couple questions about the conditions of specialized, of special conditions of supervised release? And I understand there may not be at the top of your agenda today. Well, they're very important as well, Your Honor. Well, let me tell you the two issues that trouble me. One is this sort of generic issue, the possible overbreadth of the adult content restriction. And the other one is the 2,000 foot restriction. My question as to both of them is did anybody raise an objection to the trial judge that mirrors your argument on appeal? I understand that there was an objection to having any adult content restriction. There was an objection to having any distance restriction, any restriction on residency. But nobody ever, as close as I can tell, I need your answer to this, nobody ever said to the trial judge, well, some restriction on adult content is okay, but this one is overbroad. Or some restriction on residency may be okay, but this one is too many feet. Well, so the restriction, the residency restriction, which I think I would argue is more, if you want me to write it down. No, but I'm just, see if you can answer my question. What's the specific objection? So on page 200, I believe it's 209 of the joint, the ER, sorry, I came from a different certain, of the joint appendix, the ER. The objection that my colleague made was that in this case, specific to Mr. Thomas, no residency restriction on feet would be appropriate. Although the probation office will be able to approve his residence. Is the answer to my question yes? The answer to the question is that my colleague said no foot residency restriction would be appropriate at all. No residency restriction at all should be imposed in this case. Of number of feet, correct. Yeah, and so what I'm trying to figure out is if I think a residency restriction is appropriate, contrary to what your colleague argued, have you preserved the argument that 2,000 feet is too many? I think an argument that there is no number of feet at all that would be appropriate for Mr. Thomas preserves an argument of any number of feet, whether 10, 50, 1,000, or 2,000, because she argued that all the number of feet would be unreasonable as applied to Mr. Thomas. But the difficulty in this case is it seems to me, let me tell you, my tentative view is that some residency requirement is okay. Now the question is, is this one too broad? And I'm not sure you preserve an argument that this one is too broad simply by saying we don't want one at all. May I offer two responses to that? Sure. One is that my colleague said that we would welcome an assessment on his release from prison, which is going to be in June 2024, assuming his conviction stays in place, and that then appropriate restrictions could be imposed by the probation office. That was our request. And the other one is that because the probation office will be able to approve any residence overall, which is a broader restriction but a more specific restriction at the same time, that that would, I would hope, assuage concerns about where Mr. Thomas would live. You don't have to rush. I'll put a minute back on the clock for rebuttal. Thank you very much, Your Honor. And with regard to the Gnerke issue, the government, actually as to all three conditions, has conceded that the district court's explanation was insufficient procedurally to justify any of the conditions. That's pages 16, 17, and 62 of the red brief. And so under Gnerke and also, excuse me, I forgot the case name. I'll get back to you on my other minute. It's Miller, I think. Yes, thank you. That there's not a sufficient explanation for the adult content restriction on Mr. Thomas, regardless of its substantive reasonableness in this case. Thank you. Thank you, Your Honor. Lloyd. Good morning, Your Honors. Olaya Lloyd on behalf of the United States. Turning to the 404B issue, the district court did properly admit Thomas's prior fair to register convictions under 404B, as they were probative evidence of his knowledge of the travel notification requirement. Well, how could the 2006, is that the earlier one? Yes, Your Honor. How could the conviction at the time when the statute had no foreign travel requirement be probative of his knowledge of the foreign travel requirement? Your Honor, because they go towards notice, the fact that he was convicted of these prior failure to register convictions puts him on notice that he's under an ongoing registration regime. And as the district court, or as the state court admonished him in 2015, that there are rules that are ongoing, that he has to follow those registration requirements. Well, put it so I didn't ask you about the 2015 one. I'm asking you about the 2006 one. Yes. And so how could the fact that he was convicted of failure to register at a time when the statute didn't have the requirement at issue in this case be probative of his knowledge of the existence of a travel requirement? Your Honor, a jury could reasonably infer that once he's been warned about failing to register, that he would be more cautious and especially aware of his registration requirements at any given time after having been previously punished for failing to register. And the notification requirement, although not in existence at 2006, certainly when it came into existence, is part of that ongoing registration regime that he was failed to register under. You know, and I don't— As your colleague pointed out, registration itself may not have been the problem. The problem is understanding for what he had to give notice. And so is it the fact that it may be probative toward the registration requirement itself, does that really get you where you need to go? Yes, Your Honor. Your Honor, the government submits it does because if you look at the registration form that he signs every year, it says rules regarding registration. And one of those rules regarding registration in 2020 and 2021 is that he has to notify of international travel. But in 2006 he was convicted of not registering. And so he didn't have a form in front of him in 2006 that said, you must—this is a conviction for paying no attention whatsoever to the rules. So I'm not sure how it shows his knowledge of a rule that wasn't even enacted yet. Your Honor, it goes to the fact that he understands he's under a registration requirement, a registration regime. And that regime is going to have rules. It's going to be ongoing. And it's his duty to follow all of those rules, whether that's just providing his annual registration update or giving ongoing notifications, which are part of that registration regime. And the 2006 failure to register certainly puts him on notice that he's under that ongoing existing regime. Okay, turn to the 2015 one for a moment and tell me why this should have been admitted. For very similar reasons, Your Honor. Well, let's assume I don't buy the 2006 argument. Is there a difference in the 2015 one? Well, besides the fact that you have the judge's admonition letting him know that he has to follow the rules of registration, just shortly eight days after that when he signs his registration form, he attests to the fact that he understands not only that he has to follow these registration requirements listed on the form, but also that the form, the registration requirements he's subject to, may change at any time, and he has to stay up to date with them. The form he signed in 2016 didn't have on it the foreign travel requirement, right? No, it did not. But, Your Honor, it did let him know that the rules could change at any time and he has to stay up to date with them. And so that goes to the government's notice argument, that especially after this admonition. So why wouldn't it be enough just to show that he signed the 2016 form? The 2000s? The form that he signed eight days after the conviction. Oh, it certainly was introduced as evidence, Your Honor, but we're dealing with ex ante versus ex post issues. Look, this is an aside, and I don't blame anyone, but this looks to me like a slam dunk conviction based on the fact that he initialed the 2020 and 21 forms, notwithstanding counsel's best efforts to say that he must have missed this important requirement. And the reason we have a problem here is, it seems to me, the government is, you know, doing belt and suspenders, and I'm not sure you need to do belt and suspenders in every case, but I'm not blaming anyone, I'm just making an observation. Can you turn to, is it really, I didn't read your brief as conceding that we ought to vacate these two special conditions. Absolutely not, Your Honor, nor did we concede that the explanation was insufficient. We merely cited in our brief the fact that under bets, this court can look towards the record and see if the reasons for the district court's imposition for the conditions of release are apparent from the record. The district court is not required to state or articulate all of its reasons for imposing supervised release conditions. On the Gnierke one, if I can call it that one, on the adult content restriction, why shouldn't we just interpret it the same way that Gnierke interpreted the restriction in that case, that he's prohibited from viewing things that his probation officer thinks he shouldn't view? Your Honor, the reason why you don't need to do it in that particular instance is because the citation that the district court used in Gnierke is different than the citation that the district court used in this particular case. Because it involved simulated conduct also. Not only that, Your Honor, but it also involved a reference to child pornography issues. That is not the same here in the citation that was used, which actually tracks with the restriction that the court put in place in Gnierke. And so here we don't have that same over-breath issue. And on the one that I think may be more troublesome, which is the 2,000-foot requirement, help me out. Can we tell from the record where Mr. Thomas resided before he was incarcerated? Your Honor, it is apparent from the record, and the district court actually made this finding, that he actually gave up his residency during the course of the proceedings. And so by the time of the sentencing, he was actually effectively without a residence. Well, he was incarcerated, I take it. Prior to being incarcerated, Your Honor, he gave up his residence. And thus, after the trial, they had a remand hearing, and he was remanded at that hearing. But prior to then, he gave up his residence, and the district court made a finding that he was currently without a residence before remanding him. Without a residence? Yes, Your Honor. Homeless? He was staying with a friend, but he did not have permission to stay. He was staying with a friend in Los Angeles County? I believe so, Your Honor, but he did not have permission to stay there for long. Yeah, but whether he had permission or not, if maybe the condition can be modified later, it seems to me as this court observed in, I think it's the Miller case, that it's got to be hard to live anywhere in Los Angeles County, at least in urban Los Angeles County, if you're not within 2,000 feet of one of these places. Isn't that overbroad? I would submit not under the particular circumstances of this case, Your Honor, because, quite frankly, the record, one, does not support that he was planning on continuing to live in Los Angeles County. He has no employment ties to the area. He has no family ties to the area. He had just recently gave up his residence and put all his materials in a storage facility in Arizona. And at the district court, there is no evidence that he intended to return back to Los Angeles. So whether we're looking at abuse of discretion or plain error review, there are no facts and evidence at the district court hearing that he was going to be, that this restriction was overbroad for him in particular. And that's especially true given his underlying conduct, which included the fact that he sexually abused a young girl from 6 to 8 years old for 2 years on a school bus. No, see, I don't doubt that, contrary to the argument made below, that some residency restriction is justified by this record. I'm just trying to figure out whether or not a restriction has been imposed that effectively tells him he can't live in many urban areas. Your Honor, it's also unclear whether or not this restriction would be the thing that makes it unable for him to live in an urban area. He was already having trouble finding housing. And so it's not clear that this restriction was going to be the deciding factor on whether or not he could live in Los Angeles. It wouldn't make it any easier. I mean, you're having trouble finding housing, and you have this restriction that makes the little gaps between the forbidden places tiny. That's a pretty serious restriction. It certainly doesn't make it any easier, Your Honor, but under abuse of discretion, given this defendant's conduct and characteristics, The problem, I think, may be given how severe the restriction is, shouldn't a better explanation as to why this restriction was applied might be expected? Your Honor, as the government conceded in its brief, a better explanation would have been helpful. It would have been helpful, but I'm taking a step beyond that. It certainly was error, Your Honor, but we don't think it was that the defendant has satisfied all of the prongs of plain error review in this issue, which is showing that there's a substantial impact or there's substantial precedence in that the decision would seriously affect the fairness and integrity of the judicial proceedings. Given the fact that this can be modified and the defendant can seek a modification, and especially given the circumstances and particular history of this defendant, we don't think prong three or prong four has been met in this particular case. And, Your Honor, if there are no further questions, the government asks that you affirm. Thank you, Counsel. Let's put a minute on the clock for rebuttal. Thank you, Your Honors. I'm not quite sure whether to spend my minute on 404B or the supervised release concerns. Your choice. Okay. So I would ask the court to look carefully at the Martin decision on the rule 404B error and to think about the presumption of prejudice because the theory of the defense here was profoundly impacted by the 404B decision that the district court made. But with respect to the supervised release conditions, we do think that error has been met. And we would also note that given the lack of notice, that the district court did not give Mr. Thomas and his counsel under either standard review. Now that you've turned to that, what the district judge said read aloud the conditions that he wanted to impose and said, would you like a continuance in order to determine whether to make objections? And counsel said, no, Your Honor. So, I mean, how is there a lack of notice? This may be a distinction without a difference. She didn't say no, Your Honor. The hearing continued. But otherwise. But she didn't say, yes, I would, Your Honor. So otherwise, I would ask the court to contemplate whether otherwise that is sufficient notice either way because it wasn't prior to the hearing. And it's the government's burden to justify special conditions of release. And the government in this case did not request. Two separate issues, whether substantively they're justified and whether procedurally. And the judge seemed to recognize that I'm telling you for the first time now. And if you want a continuance in order to raise objections to them, let me know. And defense did not say I want a continuance. I know my light. I know. So finish up. So if I just want, I just would like to clarify the record from the remand hearing that I think is a little confused. Mr. Thomas had a home. And in anticipation of being remanded, he gave up his apartment in an organized fashion and put his belongings in storage and the kinds of things one would do if one anticipated one was going to federal prison. So it wasn't that he was, like, homeless or transient prior to that time. In anticipation of being remanded to BOP, he had given up his very stable long-term residence in Long Beach, which is why he was a registrant in Long Beach, and then was. Would his prior residence in Long Beach have qualified under these conditions? I don't know that specifically, but under this court's decisions in Rudd and Collins, I cannot imagine it would not because the entirety of Long Beach and Los Angeles County, as the California Supreme Court in Taylor and this court in Rudd and Collins stated, all of Los Angeles County would qualify under the 2,000-foot residency restriction. And that's why the Supreme Court, the California Supreme Court in Taylor, struck down the similar provision in state, in California state law. And so, again, we would submit that whether it's plain error or whether it's abusive discretion. But assuming for a moment that some residents, that we reject your argument, which you don't make on appeal, to be fair, that no residency restriction is required. Correct. This one is not. Why isn't the appropriate remedy to let some, once we figure out, once he knows where he's going to live when he's being let out, say that the court should then consider the appropriate distance? So, Your Honor, our position is that the probation officer approval of any residence Mr. Thomas is going to seek already is that, because he can't live anywhere without probation approving it. That's already in his judgment, and we have not challenged that. Thank you. Thank you very much, Your Honor. I have a question. Judge Rawlinson. Yes, Your Honor. Counsel, what's your response to opposing counsel's argument that under plain error review prongs three and four have not been met for the residency requirement? So, Your Honor, we have addressed that at length in our reply brief, and our position is that a restriction that is this onerous and that is this likely to render someone unable to find housing, not only in Los Angeles County, but in any urban area as this court addressed in Rudd and Collins and as the Supreme Court of California addressed in Taylor, meets both the third and fourth prongs of plain error review because it is a significant deprivation of liberty and it does impact the public reputation of the judicial process. Thank you. Thank you, counsel. Thank you, Your Honors. Thank both counsel for their arguments and briefing. This case will be submitted.
judges: RAWLINSON, CLIFTON, HURWITZ